# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE FIRST LIBERTY INSURANCE : 
CORPORATION, : 
 : 
      Plaintiff, : 
 :     CIVIL ACTION
      v. : 
 :     NO. 12-6823
APRIL WALKER *et al.*, : 
 : 
      Defendants. : 

## MEMORANDUM

YOHN, J.                                                                                                    March 7, 2013

      This action arises out of a dispute between the residents of Neshaminy Hills Camp in Langhorne, Pennsylvania. April Walker has been sued by her neighbors, Alan and Joy Franklin, in the Buck County Court of Common Pleas. Her insurer, The First Liberty Insurance Corporation ("Liberty"), has been called upon to defend the suit. Liberty now brings a declaratory judgment action in this court seeking to determine its obligations under Walker's policies. Walker has filed a counterclaim asserting bad faith conduct by an insurer under 42 Pa. Cons. Stat. § 8371. Before me is Liberty's motion to dismiss the pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, I will grant Liberty's motion and dismiss the counterclaim without prejudice because it currently contains insufficient factual allegations to state a claim under section 8371.

## I.    Factual and Procedural Background

      Liberty issued Walker a pair of homeowners insurance policies in late 2008. (Am. Compl. ¶¶ 13,14; Answer ¶¶ 13,14.) Under the policies, if Walker was sued for an "occurrence" leading to "property damage," Liberty would defend the suit and pay Walker's liability. (Am Compl.

¶¶ 15-18; Answer ¶¶ 15-18.) In 2009, Walker was sued by the Franklins in Pennsylvania state court. It was unclear whether the action fell under the terms of coverage, but Liberty assumed the defense subject to a reservation of rights. (Am. Compl. ¶¶ 19-27; Answer ¶¶ 19-27.)

According to Liberty, during discovery in the state court action it became clear that the Franklins' alleged harm was the result of intentional conduct. The policies would not cover such an action, because "occurrence" only encompassed accidental loss, not intentionally caused loss. (Am. Compl. ¶¶ 28-33, 36-37.) Liberty also alleges that the Franklins' true "motivation" in bringing the lawsuit is to force Walker to concede an easement over her property; this, too, would take the lawsuit outside of the scope of the policies. (*Id.* ¶ 38.)

Thus, Liberty filed the instant declaratory judgment action in federal court. It seeks a declaration that it has no duty to defend or indemnify Walker in the underlying state court action. It amended its complaint on December 14, 2012. Walker answered and filed a counterclaim for bad faith under 42 Pa. Cons. Stat. § 8371 on January 30, 2013. Liberty moves to dismiss the bad faith counterclaim as inadequately pleaded under Rule 12(b)(6).

## II. Discussion

### A. Legal Standard

The Third Circuit has developed a three-step approach to resolve Rule 12(b)(6) motions. The approach applies whether the motion targets a plaintiff's claim or defendant's counterclaim. *See Shionogi Pharma, Inc. v. Mylani, Inc.* No. 10-1077, 2011 WL 3860680, at *3 (D. Del. Aug. 31, 2011). "First, the court must take note of the elements a [counterclaimant] must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded

factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (internal quotation marks and citations omitted). "[I]f a [claim] is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d. Cir. 2008).

    **B.**    **Application**

The core definition of bad faith under section 8371 is "any frivolous or unfounded refusal to pay proceeds of a policy; . . . such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (quoting *Terletsky v.Prudential Prop. and Casualty Ins. Co.*, 649 A.2d 680, 688 (Pa. Sup. Ct. 1984)). Bad faith can occur outside the context of a claim denial: "[t]he insured must ultimately show that 'the insurer breached its duty of good faith through some motive of self-interest or ill will.'" *Id.* (quoting *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 501 (2004)).

Liberty argues that Walker's counterclaim fails to provide factual allegations that shore up what are otherwise empty conclusory statements. I agree. Plaintiff alleges that Liberty has "not attempt[ed] in good faith to provide coverage" and "act[ed] in direct violation of the [policy]"; has "fail[ed] to adequately investigate" the claim prior to denial; has "improperly and unreasonably initiat[ed] a lawsuit" and "attempt[ed] to stop its defense" while "unreasonably asserting" it has no duty to indemnify; has "fail[ed] to timely provide a reasonable explanation of the basis for the denial"; and has "fail[ed] to provide a proper defense." (Countercl. ¶ 52.) Yet

3

she nowhere explains *how* Liberty violated the policy, how its investigation was deficient, how its defense has been improper, or why its lawsuit is improper. Exactly these kinds of allegations were found to be vulnerable to Rule 12(b)(6) dismissal in *Smith v. State Farm Mut. Auto. Ins. Co.*, No. 12-1681, 2012 WL 5910532, at *3 (3d. Cir. 2012). Walker provides only legal conclusions. There are no well-pleaded factual allegations that could plausibly lead to an entitlement for relief.

Moreover, Walker admits facts in her answer to Liberty's complaint that undercut her claim of bad faith. She acknowledges that Liberty has "provided defense counsel" for her in the underlying state court actions. (Answer ¶¶ 23, 27.) She nowhere states that Liberty has ceased its defense of her suit. Liberty's act in filing for declaratory judgment cannot, by itself, be the basis of bad faith action. *See Little Souls Inc. v. State Auto Mut. Ins. Co.*, No. 03-5722, 2004 WL 503538, at *4 (E.D. Pa. March 15, 2004). In sum, it appears that Liberty "has proceeded as we expect a responsible insurer to proceed when it has a legitimate coverage question; it has assumed the defense of [Walker] in the State Court action and filed a declaratory judgment action in this Court." *Victoria Ins. Co. v. Ren*, No. 08-517, 2008 WL 2371850, at *3 (E.D. Pa. June 9, 2008).

I must grant leave to amend unless amendment would be futile or inequitable. *See Phillips*, 515 F.3d at 236. Liberty has not argued against amendment. Though I do not discern the faintest adumbration of a factual predicate for bad faith, I cannot say that amendment would be futile. Therefore, Walker is given leave to amend her counterclaim.

### III. Conclusion

For the reasons discussed above, Walker's counterclaim against Liberty is dismissed

4

without prejudice. Walker may file an amended counterclaim within 30 days to state the requisite facts, if she can do so in good faith within the confines of Rule 11. An appropriate order follows.